UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFFREY JOEL JUDY,  )
an individual,  )
  )
           Plaintiff,  )
v.  )
  )
GIANT EAGLE, INC.,  )
a Pennsylvania Corporation,  )
  )
           Defendant.  )
_____/

## COMPLAINT

Plaintiff, JEFFREY JOEL JUDY, an individual, by and through his undersigned counsel, hereby files this Complaint and sues GIANT EAGLE, INC., a Pennsylvania Corporation, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 *et. seq,* ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 82.1, Local Rules of the United States District Court for the Southern District of Ohio.

3. Plaintiff, JEFFREY JOEL JUDY, (hereinafter referred to as "MR. JUDY"), is a resident

1

of the State of Florida, however he frequently travels to Ohio to attend conventions and to visit friends who reside in the area.

4. Plaintiff, MR. JUDY, is a qualified individual with a disability under the ADA. MR. JUDY was injured in a motorcycle accident and is paralyzed from the waist down. MR. JUDY is a T8-T9 paraplegic and uses a wheelchair for his primary means of mobility.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, Defendant, GIANT EAGLE, INC., (hereinafter referred to as "GIANT EAGLE") is the owner, lessee, and/or operator of the place of public accommodation including the real property and improvements which are the subject of this action, to wit: the property located at 2801 N. High Street, Columbus, Ohio, 43202. The Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Southern District of Ohio, Franklin County, Ohio.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers Paragraphs 1-7 as if they were expressly restated herein.

9. The Giant Eagle Grocery Store, ("the Property") is a place of public accommodation, subject to the ADA, located at 2801 N. High Street, Columbus, Ohio, 43202.

10. MR. JUDY has visited the Property and plans to return to the Property in the near future.

11. During his visit, MR. JUDY experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein and in Paragraph 14 of this Complaint.

2

12. MR. JUDY continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 14 which still exist.

13. MR. JUDY plans to and will visit the Property once the barriers discussed in Paragraph 14 and any other barriers have been removed.

14. GIANT EAGLE, has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.302 et. seq. by excluding and/or denying Plaintiff the benefits of its services, programs, and/or activities by failing to, *inter alia*, have accessible facilities within five (5) years of January 26, 1992. These violations include, but are not limited to:

   A. there are checkout and service counters throughout the facility in excess of 36", in violation of ADAAG requirements;

   B. the sinks in the restrooms are at improper heights, do not provide knee clearance, and do not meet the ADAAG requirements;

   C. the clear floor space provided in the restrooms is inadequate and violates the provisions of ADAAG;

   D. the doors and grab bars in the toilet stalls in the restrooms are not in compliance with ADAAG;

   E. the toilets in the restrooms are at improper heights and placement, in violation of ADAAG requirements;

   F. the paper towel and toilet paper dispensers are provided outside of reach range and are not accessible;

    G.    the merchandise aisles throughout the facility have inadequate clear width and maneuvering clearance; and

    H.    the entrance and exit of the facility is not accessible due to inadequate clear floor space and maneuvering clearance.

15. The discriminatory violations described in Paragraph 14 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

16. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17. Independent of his intent to return as a patron to the stores located on the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

18. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

19. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

20. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by GIANT EAGLE pursuant to 42 U.S.C. § 12205.

4

WHEREFORE, the Plaintiff demands judgment against GIANT EAGLE and requests the following injunctive and declaratory relief:

A.  That the Court declare that the Property owned and administered by GIANT EAGLE is in violation of the ADA;

B.  That the Court enter an Order directing GIANT EAGLE to alter the facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.  That the Court enter an Order directing GIANT EAGLE to evaluate and neutralize the policies and procedures towards persons with disabilities for such reasonable time so as to allow GIANT EAGLE to undertake and complete corrective procedures.

D.  That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.  That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
Attorneys for Plaintiff
11098 Biscayne Blvd., Suite 301
Miami, FL 33161
Tel.: (305) 891-1322
Fax: (305) 891-4512

By: _____
Ku & Mussman, P.A.
Attorney for Plaintiff

5

James B. Reese, III, Esq.
The Law Office of James B. Reese, III
35 East Gay Street, Suite 220
Columbus, OH 43215
Tel.: (614) 462-0290
Fax: (305) 891-4512
jreese@reeseattorneys.com
Bar ID No.: 0081710